**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Christopher Cardani
Assistant U.S. Attorney
Christopher.Cardani@usdoj.gov
(503) 727-1000



**DEPARTMENT OF JUSTICE**
United States Attorney's Office
United States Attorney
Scott E. Bradford
District of Oregon

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

June 16, 2026

Bear Wilner-Nugent
Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, OR 97204

*Sent via email*

Re:     *United States v. Ginovanni Joseph Brumbelow,* Case No. 3:25-cr-291-SI
        Plea Agreement Letter - **Revised**

Dear Counsel:

1.      **Parties/Scope:**  This plea agreement is between this United States Attorney=s Office (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.      **Charges:**  Defendant agrees to plead guilty to Count 2 of the Indictment, Assault of a Federal Officer with a Dangerous Weapon, in violation of Title 18, United States Code, Section 111(b).

3.      **Penalties:**  Count 2 carries a maximum sentence of twenty (20) years' imprisonment, a fine of up to $250,000, a maximum of a three-year term of supervised release, and a $100 special assessment.  Defendant agrees to pay the $100 special assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the restitution as set forth below.

**Notice of Immigration Consequences:** Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future. Furthermore, if any crime of conviction is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43), such conviction makes it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.

Docusign Envelope ID: 6D30400A-F3E3-8DB1-829C-31D46717A904

Bear Wilner-Nugent
Brumbelow, Revised Plea Letter
Page 2
June 11, 2026

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis:** In order for defendant to be found guilty of Count Two of the Indictment, the government must prove the following elements beyond a reasonable doubt:

> (1) First, defendant forcibly assaulted AV, a federal officer;

> (2) Second, defendant did so while AV was engaged in, or on account of, his official duties; and

> (3) Third, defendant used a deadly or dangerous weapon or inflicted bodily injury.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

> On or about June 14, 2025, in the District of Oregon, Defendant was present in the crowd of a declared riot outside the Immigration and Customs Enforcement (ICE) field office located at 4310 Macadam Avenue in Portland, Oregon. AV, an officer with ICE Enforcement and Removal Operations, was assisting with the arrest of another individual when Defendant came behind AV and struck him in the back of the head with a wooden stake. AV sustained bodily injury.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. ' 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG ' 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG ' 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG ' 3E1.1.

Bear Wilner-Nugent
Brumbelow, Revised Plea Letter
Page 3
June 11, 2026

8.    **Advisory Guideline Calculation:** The parties stipulate and agree to the applicability of the following advisory sentencing guideline provisions:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2(a) | - Base offense level | 14 |
| U.S.S.G. § 2A2.2(b)(2) | - Dangerous Weapon | +4 |
| U.S.S.G. § 2A2.2(b)(3)(A) | - Bodily Injury | +3 |
| U.S.S.G. § 2A2.2(b)(7) | - 111(b) Conviction | +2 |
| U.S.S.G. § 3A1.2(b), (c)(1) | - Official victim | +6 |
| U.S.S.G. § 3El.1 | - Acceptance | - 3 |
| | | = 26 |

9.    **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward adjustments or variances to the advisory sentencing guideline range under the sentencing guidelines provisions.

10.    **Sentencing Recommendation**:  If defendant pleads guilty consistent with this letter and demonstrates an acceptance of responsibility as described above, the USAO will recommend a sentence at the low end of the applicable guideline range.  Defendant may request any lawful sentence.

11.    **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence imposed exceeds the statutory maximum. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

13.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant=s case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Docusign Envelope ID: 6D30400A-F3E3-8DB1-829C-31D46717A904

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15.    **Restitution**: Defendant will pay restitution to AV in the full amount of their losses as determined by the Court.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant.  Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due.  Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution.  Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court.  Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change.  Further, pursuant to 18 U.S.C. §

Docusign Envelope ID: 6D30400A-F3E3-8DB1-829C-31D46717A904

Bear Wilner-Nugent
Brumbelow, Revised Plea
Letter, Page 5

3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

16.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.     **Deadline**:  This plea offer expires if not accepted by **June 19, 2026**, at 5:00 p.m.

                                    Sincerely,

                                    SCOTT E. BRADFORD
                                    United States Attorney

                                    /s/ *Christopher Cardani*
                                    Christopher Cardani
                                    Steven Chamberlin
                                    Assistant United States Attorneys

        I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

6/17/2026
_____                    _____
Date                               Ginovanni Joseph Brumbelow, Defendant

        I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/16/2026
_____                    _____
Date                               Bear Wilner-Nugent, Attorney for Defendant